Alvin Hawkins, J.,
delivered the opinion of the Court.
This is a proceeding instituted by Northcutt & Richey against Neville, before a justise of the peace of Grundy County, on the 15th of January, 1867, to recover an account for goods, wares and merchandise.
The cause was carried to the Circuit Court, by appeal, where a trial was had, which resulted in a verdict and judgment for the plaintiffs; from which the defendant has appealed in error to this Court.
Upon the trial in the Circuit Court, Northcutt, one of the members of the firm of Northcutt & Richey, produced an account book, and proved by his own oath, *296 that it was the book of accounts of the firm of North-cutt & Richey.
Plaintiffs thereupon offered to read the same, in evidence, to the jury, which was objected to by the defendant. The objection was overruled by the Court, and plaintiff was permitted to read from the book to the jury, as evidence, an account against defendant, for various articles of merchandise, sold and delivered during the months of February, March and April, 1861.
This was most clearly erroneous, for two reasons:
1st. To render the plaintiff’s book of accounts admissible as evidence of the sale and delivery of goods, it was indispensable that he should first have made oath that the matter in dispute was a book account; that he had no means of proving the delivery of such articles, as he proposed to prove by his own oath, but by his book; that the book contained a true account of all the dealings, or last settlements of accounts, between them; that all the articles therein contained, and by him so proved, were really delivered, and that he had given the defendant all just credits: Code, section 3781.
Not one of these prerequisites was complied with; all that he did state was, that the book offered in evidence, was the book of accounts of the firm of North-cutt & Ritchey.
2nd. This proceeding was instituted on the 15th of January, 1867, nearly six years after the sale of the goods to defendant, according to the entries in the book of accounts made to the jury.
If the plaintiff had complied with the provisions of *297 the statute before mentioned, his book of accounts was admissible only as evidence of the sale and delivery of articles, within two years next before the suit was commenced.
The fact that the defendant had notified the plaintiff he would insist upon the production of the book upon the trial of the cause, can make no difference, so far as these questions are concerned. The defendant had not offered it in evidence, nor was he compelled to do so; nor did the mere fact of such notice, authorize the plaintiff to introduce it.
The section of the Code before referred to, simply declares a rule of evidence, and is in no just sense, a statute of limitations; and hence its provisions, or the rights of parties under it, are not affected by the suspension of the statute of limitations, from the 6th of May, 1861, to the 1st of January, 1867.
The evidence in the cause shows, that, in 1861, the date of the alleged sale and delivery of the goods to the defendant, he was a minor, and only about sixteen years of age.
This fact was relied upon in the Circuit Court by the defendant’s counsel, as a defense to the suit, and upon this point his Honor, the Circuit Judge, instructed the jury, that, inasmuch as the suit was instituted before a justice of the peace, “the usual forms of pleadings are understood as applying, although no declaration or pleas are written; yet it is proper and right as a rule of practice, that the parties, in advance of the trial, should announce or state the true grounds of their pleadings, that the Court and jury may note the special issue tendered, certainly so, if any special form is relied upon.”
*298 “As to one ground of defense relied upon by the defendant’s counsel, to-wit.: the plea of infancy, the Court must decide that no such matter has been given or action taken by the defendant as to present that issue with fairness, and it can not be looked to.”
Pleadings before justices of the peace, or in suits originating before them and carried to a higher Court, are ore terms, except in cases in which it is required the plea shall be under oath; and it is not required that the plea of infancy shall be under oath.
Therefore, without saying any thing as to the fairness of a party going to trial without giving the adverse party notice of his defenses, it is sufficient to say the conclusion of His Honor upon this branch of the case, was erroneous.
The judgment of the Court was unauthorized by the verdict.
Upon the return of the jury into Court, after having retired to consider of their verdict, they were asked by the clerk if they had agreed. The foreman responded that they had. The clerk asked how they had found. The foreman responded they had found for the plaintiff. The clerk asked the amount they had found-. The foreman replied they had not agreed upon the amount.
The plaintiff’s attorney then asked if they did not find the amount of the account for plaintiff?
The foreman replied that the jury had agreed that the account should be the verdict.
The Court then inquired if they had fixed the amount of interest?
Plaintiff’s attorney replied that the interest was cal *299 culated upon the copy of the account in the papers, and thereupon the jury was discharged.
The verdict of the jury, as the same appears on the minutes of the Court, is, that “they find the matters in controversy in favor of the plaintiffs for the amount of the account.”
And upon this verdict the Court proceeded to pronounce judgment, “that the plaintiffs secure to the defendant the amount of the account, to-wit: twenty-six dollars and the costs,” etc.
This was erroneous.
Other errors might be pointed out, but as these are deemed decisive of the case, it is not necessary to notice them.
Let the judgment be reversed and the cause remanded.